A more troublesome question arises as to the regularity of the practice adopted by Foster in making the motion to set aside the subpœna. The practice usually followed in such cases seems to have been to disobey the subpœna and await the institution of proceedings to punish for contempt. But in this case the witness subpœnaed is Holt, while the real party to the proceeding is not the witness Holt, but Foster, whose rights are being invaded. In view of the fact that if a subpœna is ever to become effective it is by virtue of the provisions of the Code of Civil Procedure, which contemplated a judicial proceeding to punish for contempt if it was disobeyed, we think that a party whose rights are invaded by such process may apply to the court whose duty it is to enforce it, to set aside such process if it is invalid. The regularity of such procedure seems to be suggested, although not necessarily involved in the determination of the cases of Matter of Dittman, 65 App. Div. 343, on page 346, 72 N. Y. Supp. 886, and Matter of Randall, 90 App. Div. 192, 194, 85 N. Y. Supp. 1089.

The order of the Supreme Court setting aside the subpœna issued by the commissioner of accounts should be affirmed.

Order setting aside subpœna duces tecum affirmed, with $10 costs and disbursements. All concur.

---

### FOSTER v. KENNY.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

Appeal from Special Term, Kings County.

Action by William George Foster against William J. K. Kenny. From an order modifying an order of the Supreme Court so as to permit a receiver to obey a subpœna duces tecum, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, THOMAS, and RICH, JJ.

PER CURIAM. Order in so far as appealed from reversed, with $10 costs and disbursements, and motion denied, with costs.

See opinion by Burr, J., 124 N. Y. Supp. 667.

---

### VERNON et al. v. ENGLISH.

(Supreme Court, Trial Term, Saratoga County. May, 1910.)

1. ACCOUNT STATED (§ 1*)—DEFINITION.

An "account stated" is an account balanced and rendered, with assent to the balance expressed or implied, so that the demand is essentially the same as if a note had been given for the balance.

[Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 1–9; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 1, pp. 93–98; vol. 8, p. 7561.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes